IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

IN RE:

JOHN MILTON ZIEGLER, III AND     CASE NO.: 01-13858-WSS-13
WILLIAM H. ZIEGLER, SR., as
Co-Debtor,

DEBTORS.

## NOTICE OF FILING AFFIDAVIT

COMES NOW, CENLAR, as successor by merger with NationsBanc Mortgage Corporation, by and through the undersigned Counsel, and files the attached Affidavit with the Court.

_____
Erin S. Brown
Attorney for Plaintiff
CENLAR
Our File No.: 5000-219

OF COUNSEL:

LAW OFFICES OF ERIN STARK BROWN, P.L.L.C.
Post Office Box 11213
Montgomery, Alabama 36111
(334) 613-9169

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

IN RE:

JOHN MILTON ZIEGLER, III AND     CASE NO.: 01-13858-WSS-13
WILLIAM H. ZIEGLER, SR., as Co-Debtor,

**DEBTORS.**

### AFFIDAVIT OF AMARILYS OCASIO LAHOZ IN
### SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Before me, the undersigned authority, personally appeared Amarilys Ocasio Lahoz, who being known to me and by me first duly sworn on oath, does depose and states the following:

1. My name is Amarilys Ocasio Lahoz and I am an employee of the Bankruptcy Department at CENLAR, as successor by merger with NationsBanc Mortgage Corporation ("Movant"). Parts of my employment in the Bankruptcy Department is to monitor the processing of payments and/or communicate with various parties relating to a loan made by Movant, which is currently in bankruptcy. I have an understanding of how the books, records, and computer systems relating to loan servicing work at CENLAR.

2. The Co-Debtor executed a Note and Mortgage to CENLAR, in the principal amount of $41,106.00 on April 28, 1995, which note is secured by a real property being more particularly described in Movant's Motion for Relief from Automatic Stay on file and as evidenced by the Note and Mortgage attached to Movant's said Motion.

3. The subject Note with Movant bears a rate of interest as therein provided. Debtor and Co-Debtor have not paid certain contractual installments and other charges totaling to-wit: April 2004 to Jule 2004 monthly installment ($379.98 each), plus accumulated late charges of $90.68 (excluding attorney fees and costs). The aggregate amount owed through June 2004 (excluding existing attorney fees and costs) is:

| | |
|---|---|
| Principal | $37550.68 |
| Interest | $0.00 |
| Late Charges | $15.20 |
| Mortgage Insurance | $0.00 |
| Other | $0.00 |
| **TOTAL** | **$37,565.88** |

[SIGNATURES BEGIN ON NEXT PAGE]

Signed this the \_\_\_\_ day of _____, 2004.

                          _____(L.S.)
                          Amarilys Ocasio Lahoz
                          Loan No 0012118246

Sworn to and subscribed before me on this the _1_ day of _July_, 2004.

                          _____
                          Notary Public
                          My commission expires:

                          KIMBERLY HAGEN
                          NOTARY PUBLIC OF NEW JERSEY
                          My Commission Expires August 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion to the parties listed below by placing a copy of the same in the United States Mail first-class, postage prepaid, on this the 16th day of July, 2004.

_____
Erin Stark Brown


John Milton Ziegler, III
8404 Barrie Drive
Theodore, AL 36582

William H. Ziegler, Sr.
7775 Roberson Street
Irvington, AL 36544

William H. Ziegler, Sr.
8404 Barrie Drive
Theodore, AL 36582

Herman D. Padgett
Post Office Box 62
Mobile, AL 36601

John C. McAleer, III
P.O. Box 1884
Mobile, AL 36633

ALABAMA

VA Form 26-6300d (Home Loan).
Rev. June 1974. Use Optional.
Section 1810, Title 38 U.S.C.
Acceptable to Federal National
Mortgage Association.

# MORTGAGE NOTE

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

MOBILE, Alabama.

$ 41,106.00

FOR VALUE RECEIVED, the undersigned jointly and severally promise(s) to pay to MORTGAGEAMERICA, INC.
or order, the principal sum of Forty One Thousand One Hundred Six Dollars and no/100
Dollars ($ 41,106.00) with interest from date, at the rate of Eight and One / Half
per centum ( 8.5000 %) per annum on the unpaid balance until paid. The said principal and Interest shall be payable at the office of MORTGAGEAMERICA, INC.
in BIRMINGHAM, AL or at such other place as the holder may designate in writing, delivered or mailed to the debtor, in monthly installments of Three Hundred Sixteen Dollars and 07/100

Dollars ($ 316.07), commencing on the first day of June, 1995, and continuing on the first day of each month thereafter until this note is fully paid, except that if not sooner paid, the final payment of principal and Interest shall be due and payable on the first day of May, 2025.

Privilege is reserved to prepay at any time, without premium or fee, the entire Indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an Installment due date, need not be credited until the next following Installment due date or thirty days after such prepayment, whichever is earlier.

If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such Installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of default in the making of any payments herein provided and in the event the whole of said debt is declared to be due, interest shall accrue thereafter at the rate stated above.

This note is secured by mortgage of even date executed by the undersigned on certain property described therein and represents money actually used for the acquisition of said property or the Improvements thereon.

Presentment, protest and notice are hereby waived. The drawers and endorsers of this note also waive the benefit of any exemption, valuation or appraisement laws as to this debt, and agree to pay all costs of collecting or securing or attempting to collect or to secure this note, including a reasonable attorney's fee.

_WILLIAM H. ZIEGLER JR._

THIS IS TO CERTIFY that this is the note described in, and secured by, mortgage of even date herewith and in the same principal amount as herein stated and secured by real estate situated in MOBILE County, State of Alabama.

Dated April, 28, 1995

_Notary Public_
5-24-98



WITHOUT RECOURSE PAY TO THE ORDER OF
NATIONSBANC MORTGAGE CORPORATION

MORTGAGEAMERICA, INC.

By _____
GARY W. HUTTO
Vice President

FROM CENTRAL LOAN ADMINI[STRA]TION          (THU) 7.15'04 16:04/ST. 16:02/NO. 4860842196 P 5

AFTER RECORDING MAIL TO:
MORTGAGEAMERICA, INC
P O BOX 43500
BIRMINGHAM, AL 35243

A TRUE AND CORRECT COPY OF THE
ORIGINAL INSTRUMENT RECORDED IN
THE OFFICE OF THE JUDGE OF PROBATE
MOBILE COUNTY, ALABAMA
BY: _____

LOAN NO. 519579

[Space Above This Line For Recording Data]

ALABAMA

# MORTGAGE

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

(SEPARATE RIDER GIVES ADDITIONAL MORTGAGE ASSUMPTION INFORMATION/REQUIREMENTS.)

THE STATE OF ALABAMA,
MOBILE                              COUNTY.



KNOW ALL MEN BY THESE PRESENTS:
That whereas the undersigned WILLIAM H. ZIEGLER SR., An Unmarried Man

of the city of IRVINGTON, county of MOBILE
and State of Alabama, party of the first part (hereinafter called the Mortgagor), has become justly indebted unto MORTGAGEAMERICA, INC ;
a corporation organized and existing under the laws of DELAWARE, party of the second part (hereinafter called the Mortgagee), in the full sum of Forty One Thousand One Hundred Six Dollars and no/100
Dollars ($41,106.00), money lent and advanced, with interest at the rate of Eight and One / Half per centum (8.5000 %) per annum until paid, for which amount the Mortgagor has signed and delivered unto the said Mortgagee a certain promissory note bearing even date with these presents, the said principal and interest to be payable at the office of MORTGAGEAMERICA, INC ;
in BIRMINGHAM, AL, or at such other place as the holder may designate in writing delivered or mailed to the Mortgagor in monthly installments of Three Hundred Sixteen Dollars and 07/100

Dollars ($316.07), commencing on the first day of June, 1995, and continuing on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of May, 2025.

WHEREAS the said Mortgagor is desirous of securing the prompt payment of said note and the several installments of principal, interest, and monthly payments hereinafter provided for, and any additional indebtedness accruing to the Mortgagee on account of any future payments, advances, or expenditures made by the Mortgagee as hereinafter provided:

NOW, THEREFORE, In consideration of the premises and the sum of One Dollar ($1) to the undersigned Mortgagor, WILLIAM H. ZIEGLER SR.

In hand paid by the Mortgagee, the receipt whereof is hereby acknowledged, and for the purpose of securing the prompt payment of said indebtedness as it becomes due MONTHLY the said
WILLIAM H. ZIEGLER SR.

do hereby grant, bargain, sell, assign, and convey unto the said Mortgagee the following-described real property situated in MOBILE County, Alabama, to wit:

Lot 6, Block 4, Murray Hill Park, according to plat thereof
recorded in Map Book 19, page 101 of the records in the
Office of the Judge of Probate, Mobile County, Alabama.

THIS IS A PURCHASE MONEY MORTGAGE

together with the hereditaments and appurtenances thereunto belonging, and the rents, issues, and profits of the above-described property (provided, however, that the Mortgagor shall be entitled to collect and retain the said rents, issues, and profits, until default hereunder), and all fixtures now or hereafter attached to or used in connection with the premises herein described and in addition thereto the following described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned:

ISC/VMDTAL//1291/26-6300(3-78)-L          PAGE 1 OF 4          W.H.Z.Sr.



LOAN NO. 519579

Should the Department of Veterans Affairs fail or refuse to issue its guaranty on the loan secured by this instrument under the provisions of the Serviceman's Readjustment Act of 1944, as amended, within sixty (60) days from the date the loan would normally become eligible for such guaranty, the Mortgagee may, at its option, declare all sums secured hereby immediately due and payable.

The Mortgagor covenants and agrees that so long as this Mortgage and the said Note secured hereby are guaranteed under the provisions of the Serviceman's Readjustment Act of 1944, as amended, he will not execute or file for record any instrument which imposes a restriction upon the sale or occupancy of the mortgaged property on the basis of race, color, or creed. Upon any violation of this undertaking, the Mortgagee may, at its option, declare the unpaid balance of the debt secured hereby immediately due and payable.

TO HAVE AND TO HOLD the same with all the rights, privileges, and appurtenances thereunto belonging or in anywise appertaining unto the said Mortgagee and assigns of the Mortgagee forever.

And the Mortgagor hereby covenants that he/she is        seized of said real property in fee simple, and has a good right to sell and convey the same; that the property is free from all encumbrances and that the Mortgagor, and Mortgagor's heirs, executors, administrators, next-of-kin, and assigns will forever defend the same unto the Mortgagee and assigns against the claims of all persons whomsoever;

THIS MORTGAGE IS MADE, however, subject to the following covenants, conditions, and agreements, that is to say:

1. That the Mortgagor will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100) whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

2. Together with and in addition to the monthly payments of principal and interest payable under the terms of the note secured hereby, the Mortgagor will pay to the Mortgagee, as trustee, (under the terms of this trust as hereinafter stated) on the first day of each month until said note is fully paid, the following sums:

   (a) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the Mortgagee, and of which the Mortgagor is notified) less all sums already paid therefor divided by the number of months to elapse before 1 month prior to the date which such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by Mortgagee in trust to pay said ground rents, premiums, taxes, and special assessments.

   (b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

      (I) ground rents, taxes, special assessments, fire and other hazard insurance premiums;

      (II) interest on the note secured hereby; and

      (III) amortization of the principal of said note.

   Any deficiency in the amount of any such aggregate monthly payment shall, unless made good by the Mortgagor prior to the due date of the next such payment, constitute an event of default under this mortgage. At Mortgagee's option, Mortgagor will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

3. If the total payments made by the Mortgagor under (a) of paragraph 2 preceding shall exceed the amount of payments actually made by the Mortgagee, as trustee, for ground rents, taxes, assessments, and insurance premiums, as the case may be, such excess shall be credited by the Mortgagee on subsequent payments to be made by the Mortgagor for such items or, at Mortgagee's option, as trustee, shall be refunded to Mortgagor. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the Mortgagor will pay to the Mortgagee, as trustee, any amount necessary to make up the deficiency within thirty (30) days after written notice from the Mortgagee stating the amount of the deficiency, which notice may be given by mail. If at any time the Mortgagor shall tender to the Mortgagee, in accordance with the provisions of the note secured hereby, full payment of the entire indebtedness represented thereby, the Mortgagee, as trustee, shall, in computing the amount of such indebtedness, credit to the account of the Mortgagor any credit balance remaining under the provisions of (a) of paragraph 2 hereof. If there shall be a default under any of the provisions of this mortgage resulting in a public sale of the premises covered hereby or if the Mortgagee acquires the property otherwise after default, the Mortgagee, as trustee, shall apply, at the time of commencement of such proceedings or at the time the property is otherwise acquired, the amount then remaining to credit of Mortgagor under (a) of paragraph 2 preceding, as a credit on the interest accrued and unpaid and the balance to the principal then remaining unpaid on said note.

4. If the Mortgagee shall be made a party to any condemnation proceedings or to any suit involving the title to the property hereby conveyed and employs an attorney to represent it therein, or if the Mortgagee employs an attorney to assist in settling or removing any cloud on the title to the property hereby conveyed that purports to be superior to the lien of this mortgage in any respect, or if this mortgage be foreclosed in Chancery or under the power of sale hereinafter provided for, or if an action be brought for breach of any obligation hereunder, the Mortgagor will pay, when the same becomes due, such attorney's fee as may be reasonable for such services, and if such fee is paid or incurred by the Mortgagee the same shall be secured by the lien of this mortgage in addition to the indebtedness specially secured hereby and shall bear interest from the date it is paid or incurred and shall be at once due and payable. Any proceeds from Condemnation awards shall be applied to reduce the amount of the principal debt at the option of Mortgagee.

*W.H.J.L.*

ISC/VMDTAL//1201/26-6300(3-78)-L          PAGE 2 OF 4

5. So long as any of the indebtedness secured hereby shall remain unpaid, in whole or in part, the Mortgagor agrees to keep said premises and the improvements thereon in good condition, and to pay all taxes and assessments that may be levied or accrue upon said property, and all other charges that may become liens upon said premises, and not to permit any lien, which might take precedence over the lien of this mortgage, to accrue and remain on said premises, or any part thereof, or on the improvements thereon.

6. Mortgagor will continuously maintain hazard insurance, of such type or types and amounts as Mortgagee may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has heretofore been made under (a) of paragraph 2 hereof, he will pay promptly when due any premiums therefor. All insurance shall be carried in companies approved by the Mortgagee and the policies and renewals thereof shall be held by the Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the Mortgagee. In event of loss Mortgagor will give immediate notice by mail to the Mortgagee, who may make proof of loss if not made promptly by the Mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Mortgagee instead of to the Mortgagor and the Mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by the Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee.

7. If the Mortgagor fails to insure said property as hereinabove provided, or to pay all or any part of the taxes or assessments levied, accrued, or assessed upon or against said property, or fails to pay immediately and discharge any and all liens, debts, and charges which might become liens superior to the lien of this mortgage, the Mortgagee may, at its option, insure said property and pay said taxes, assessments, debts, liens, and charges, and any money which the Mortgagee shall have so paid or become obligated to pay shall constitute a debt to the Mortgagee additional to the debt hereby specially secured, shall be secured by this mortgage, shall bear interest at the rate provided for in the principal indebtedness from date paid or incurred, and, at the option of the Mortgagee, shall be immediately due and payable.

8. That upon the request of the Mortgagee the Mortgagor shall execute and deliver a supplemental note or notes for the sum or sums advanced by the Mortgagee for the alteration, modernization, improvement, maintenance, or repair of said premises, for taxes or assessments against the same and for any other purpose authorized hereunder. Said note or notes shall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above. Said supplemental note or notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the creditor and debtor. Failing to agree on the maturity, the sum or sums so advanced shall be due and payable 30 days after demand by the creditor. In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

9. No failure of the Mortgagee to exercise any option herein given to declare the maturity of the debt hereby secured shall be taken or construed as a waiver of its right to exercise such option or to declare such maturity by reason of any past or present default on the part of the Mortgagor; and the procurement of insurance or the payment of taxes or other liens, debts, or charges by the Mortgagee shall not be taken or construed as a waiver of its right to declare the maturity of the indebtedness hereby secured by reason of the failure of the Mortgagor to procure such insurance or to pay such taxes, debts, liens, or charges; and the lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

10. If the Mortgagor shall well and truly pay and discharge the indebtedness hereby secured as it shall become due and payable and shall do and perform all acts and agreements to be done and performed by the Mortgagor under the terms and provisions of this mortgage, then this conveyance shall be and become null and void.

11. If the Mortgagor shall fail to pay, or cause to be paid, as it matures, the indebtedness hereby secured or any part thereof, according to the terms thereof, or if the Mortgagor shall fail to do or perform any other act or thing herein required or agreed to be done or performed, or if the interest of the Mortgagee in said property becomes endangered by reason of the enforcement of any prior lien or encumbrance thereon, then, in any such event, the whole indebtedness hereby secured shall, at the option of the Mortgagee, and without notice, become immediately due and payable and this mortgage subject to foreclosure; and in such event the Mortgagee shall have the right and is hereby authorized to enter upon and take possession of said property, and, after or without taking possession, to sell the same before the Courthouse door in the city of XXXXXXXXXXXX  MOBILE , County of  MOBILE Alabama, at public outcry, for cash, first giving notice of the time, place, and terms of said sale by publication once a week for three successive weeks prior to said sale in some newspaper published in said county, and, upon the payment of the purchase money, the Mortgagee or any person conducting said sale for it is authorized to execute to the purchaser at said sale a deed to the property so purchased, and such purchaser shall not be held to inquire as to the application of the proceeds of such sale. The Mortgagee may bid at the sale and purchase said property, if the highest bidder therefor.

12. The proceeds of a foreclosure sale, judicial or otherwise, shall be applied: First, to the expenses of advertising and selling, including the attorney's fees, provided for in paragraph 4 hereof; second, to the repayment of any money, with interest thereon, which the Mortgagee may have paid or become liable to pay or which it may then be necessary to pay for taxes, assessments, insurance and other charges, liens, or debts hereinabove provided; third, to the payment and satisfaction of the indebtedness hereby specially secured with interest, but interest to date of sale only shall be charged; fourth, to reimbursement of the Department of Veterans Affairs for any sums paid by it on account of the guaranty or insurance of the indebtedness evidenced by the note secured hereby; fifth, the balance, if any, shall be paid to the Mortgagor.

13. As long as any of the indebtedness hereby secured shall remain unpaid the Mortgagor will neither commit nor permit waste on the premises hereby conveyed; and upon the commission of any waste thereon the Mortgagee may, at its option, declare the entire indebtedness hereby secured to be at once due and payable. Nor will the Mortgagor remove any of the fixtures on the premises hereby conveyed so long as any of the indebtedness hereby secured shall remain unpaid.

14. If the Mortgagor shall make default in the payment of any of the indebtedness hereby secured, or in the performance of any of the terms or conditions hereof, the Mortgagee may proceed to collect the rent, income, and profits from the premises, either with or without the appointment of a receiver. Any rents, income, and profits collected by the Mortgagee prior to foreclosure of this indebtedness, less the cost of collecting the same, including any real



ISC/VMDTAL//1291/26-8300(3-78)-L          PAGE 3 OF 4

estate commission or attorney's f...curred, shall be credited first, on the adva... with interest thereon, then upon the interest, and the remainder, if any, upon the principal debt hereby secured.

15. Any promise made by the Mortgagor herein to pay money may be enforced by a suit at law, and the security of this mortgage shall not be waived thereby, and as to such debts the Mortgagor waives all right of exemption under the law.

16. The indebtedness evidenced by the note first described above and by this mortgage represents the unpaid balance of the purchase price due by the Mortgagor to the Mortgagee for the purchase price of the property herein conveyed, and this is a purchase money mortgage.

17. If the indebtedness secured hereby be guaranteed or insured under Title 38 United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended to conform thereto.

18. The covenants, conditions, and agreements herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns, of the parties hereto. Wherever used, the singular number shall include the plural, the plural the singular, the use of any gender shall include all genders, and the term, "Mortgagee," shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise.

Given under his/xxr hand     and seal     this the 26     day of APRIL, 1995.

_William H. Ziegler Sr._ (SEAL)
WILLIAM H. ZIEGLER SR.

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

STATE OF ALABAMA,                                MOBILE County ss:

On this 28 day of APRIL, 1995, I, THE UNDERSIGNED, a Notary Public in and for said county and in said state, hereby certify that WILLIAM H. ZIEGLER SR, whose name(s) is signed to the foregoing conveyance, and who is known to me, acknowledged before me that, being informed of the contents of the conveyance, he/xxxx executed the same voluntarily and as his/xxx act on the day the same bears date.

Given under my hand and seal of office this 28 day of APRIL, 1995.

My Commission expires: 5-24-98     _[signature]_
                                    Notary Public

This instrument was prepared by D. HOUSTON, P.O. BOX 43500, BIRMINGHAM, AL

ISC/VMDTAL//1291/26-6300(3-78)-L     PAGE 4 OF 4

| DVA LOAN NO. | LENDERS LOAN NO. |
|---|---|
| LAPP415162 | 519579 |

# DEPARTMENT OF VETERANS AFFAIRS
# HOME LOAN ASSUMPTION RIDER
# TO DEED OF TRUST/MORTGAGE

This Department of Veterans Affairs Home Loan Assumption Rider is made this 28 day of APRIL, 1995, and amends the provisions of the Deed of Trust/Mortgage, (the "Security Instrument") of the same date, by and between WILLIAM H. ZIEGLER SR., An Unmarried Man

the Trustors/Mortgagors, and MORTGAGEAMERICA, INC
, the Beneficiary/Mortgagee, as follows:

Adds the following provisions:

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to section 3714 of Chapter 37, Title 38, United States Code.

A. **Funding Fee.** A fee equal to one-half of 1 percent of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (b).

B. **Processing Charge.** Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which section 3714 of Chapter 37, Title 38, United States Code applies.

C. **Indemnity Liability.** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Trustor/Mortgagor has executed this Department of Veterans Affairs Home Loan Assumption Rider.

Signature of Trustor(s)/Mortgagor(s)

_____          /s/ William H. Ziegler Sr.
                                   WILLIAM H. ZIEGLER SR.

_____          _____

ISC/VASSUMRID**//0891-L

519570

## ASSIGNMENT OF MORTGAGE

STATE OF ALABAMA )
JEFFERSON COUNTY )

KNOW ALL MEN BY THESE PRESENTS, That MortgageAmerica, Inc. a corporation, for value received to it in hand paid by

NationsBanc Mortgage Corporation, a Texas corporation

hereinafter called Assignee, does hereby grant, bargain, sell and convey and assign unto the said Assignee that certain mortgage executed to it by

William H. Ziegler, Sr., An Unmarried Man

and recorded in Volume _____ , Page _____ , of the Probate Court of **MOBILE** County, Alabama together with the debt secured thereby and all right, title and interest in and to the property therein described, without recourse against the said MortgageAmerica, Inc.

IN WITNESS WHEREOF, MortgageAmerica, Inc., has caused this conveyance to be signed by Cherry L. Ramsey as Assistant Vice President on the 18th day of MAY , 19 95 .

MORTGAGEAMERICA, INC.

BY: _Cherry L. Ramsey_
Cherry L. Ramsey
Assistant Vice President

ATTEST:
_F. Deborah Borener_
F. Deborah Borener

STATE OF ALABAMA )
JEFFERSON COUNTY )

I, the undersigned, a Notary Public in and for said State, in said County, hereby certify that Cherry L. Ramsey, Assistant Vice President of MortgageAmerica, Inc., a corporation, is signed to the foregoing conveyance, and who is known to me, acknowledged before me of this that, being informed of the contents of the conveyance, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal this 18th day of MAY 19 95 .

This instrument was prepared by
Brian Luttrell

MORTGAGEAMERICA, INC.
P. O. BOX 43500
BIRMINGHAM, AL 35243

Allison Leigh Kluger

My commission expires: 2/24/96

Lot 6 Block 4, Murray Hill Park, according to plat thereof recorded in Map Book 19, page 101 of the records in the Office of the Judge of Probate, Mobile County, Alabama
Date of Mortgage: April 28, 1995