IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN ZIEGLER, Debtor | ) Bankruptcy No. 01-13858 |
| | ) |
| JOHN ZIEGLER and TERESA ZIEGLER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Adversary No.: 2005-1061 |
| | ) |
| ALLSTATE INSURANCE COMPANY, a corporation, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT ALLSTATE INSURANCE COMPANY

COMES NOW the Defendant, Allstate Insurance Company (incorrectly identified as "Allstate Indemnity Company") and for Answer to Plaintiffs' Complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint. Therefore, it is denied. However, this Defendant does not contest Federal jurisdiction.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4. Admitted.

5. Admitted.

00938860.1/1050-0214

6. Admitted.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint. Therefore, it is denied.

## BACKGROUND ALLEGATIONS

8. Admitted.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Plaintiffs' Complaint. However, Defendant admits that the policy in question was in full force and effect at the time of the loss at issue.

10. Denied.

11. Denied.

12. Admitted.

## FIRST CAUSE OF ACTION

### Breach of Contract

13. Defendant adopts and incorporates by reference its responses to Paragraphs 1-12 above as if fully set forth herein.

14. Denied.

## SECOND CAUSE OF ACTION

### Bad Faith-Refusal to Pay Insurance Claim

15. Defendant adopts and incorporates by reference its responses to Paragraphs 1-14 above as if fully set forth herein.

16. This Paragraph states a legal conclusion to which no response is required.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## FIRST DEFENSE

The Complaint fails to state any claim against Allstate Insurance Company upon which relief can be granted.

## SECOND DEFENSE

This Defendant affirmatively pleads the terms and conditions of the policy in question.

## THIRD DEFENSE

This Defendant states that venue is improper.

## FOURTH DEFENSE

This Defendant pleads the general issue and denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

## FIFTH DEFENSE

This Defendant denies that it has breached any contract with the Plaintiff.

## SIXTH DEFENSE

This Defendant affirmatively denies that it or any of its agents, servants or employees are guilty of any bad faith conduct in their dealing with the Plaintiff.

### SEVENTH DEFENSE

This Defendant expressly denies any intentional refusal to pay a claim submitted by the Plaintiff which was covered under the policy of insurance in existence at the time of the loss.

### EIGHTH DEFENSE

This Defendant specifically denies any intentional failure to perform any duty implied by law of good faith and fair dealing with the Plaintiff.

### NINTH DEFENSE

This Defendant affirmatively asserts that there has been no intentional failure to determine whether a lawful basis for refusal to pay any portion of the benefits due under the policy, and further that said Defendant is unaware of any conscious wrongful conduct in the adjustment of the claim.

### TENTH DEFENSE

This Defendant avers that Plaintiff failed to mitigate damages.

### ELEVENTH DEFENSE

This Defendant denies that it breached any duty to the Plaintiff.

### TWELFTH DEFENSE

This Defendant pleads the applicable statute of limitations.

### THIRTEENTH DEFENSE

This Defendant pleads accord and satisfaction.

### FOURTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of waiver and estoppel.

## FIFTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of latches.

## SIXTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the statute of frauds.

## SEVENTEENTH DEFENSE

This Defendant denies that it is guilty of any conduct which entitles the Plaintiff to a recovery of punitive damages.

## EIGHTEENTH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the United State of America.

## TWENTIETH DEFENSE

This Defendant asserts that any aware of punitive damages to the Plaintiff in this action would be a violation of the constitution safeguard provided to this Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

This Defendant asserts that any aware of punitive damages to the Plaintiff in this action would be a violation of the constitutional safeguard provided to this Defendant under the Sixth

Amendment to the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

This Defendant affirmatively asserts that it is a violation of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages violates the due process of Article 1, Section 6 of the Constitution of Alabama.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of the law required under the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

This Defendant pleads the applicable terms and conditions of the policy in question.

## TWENTY-SEVENTH DEFENSE

This Defendant reserves the right to supplement and amend its Answer as may it be necessary.

## TWENTY-EIGHTH DEFENSE

_____ This Defendant pleads advice of counsel.

Respectfully submitted,

/s/ Thomas E. Bazemore, III
Thomas E. Bazemore, III
Martha Leach Thompson
Attorneys for Defendant Allstate Insurance Co.

**OF COUNSEL:**

HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center
2801 Highway 280 South, St. 200
Birmingham, Alabama 35223
Telephone : (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

_____ The undersigned, one of the attorneys for the Defendants, certifies that a true copy of the foregoing has been served upon the following attorneys of record, by depositing copies thereof in the United States Mail, properly addressed and first-class postage prepaid on this the 28th day of June 2005.

W. Lloyd Copeland, Esq.
Taylor & Martino, P.C.
P.O. Box 894
Mobile, Alabama 36601

James C. Johnston, Esq.
Johnston, Druhan, LLP
P.O. Box 154
Mobile, Alabama 36601

_____ Of Counsel

00938860.1/1050-0214