IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE: )
JOHN MILTON ZIEGLER, III AND ) CASE NO: 01-13858-WSS-13
WILLIAM H. ZIEGLER, SR., )
as Co-Debtor, )
 )
    DEBTORS. )

### ORDER CONDITIONALLY DENYING RELIEF FROM THE AUTOMATIC STAY

This matter was set for final hearing on September 28, 2005, upon the Motion for Relief from the Automatic Stay of CENLAR, as successor by merger with NationsBanc Mortgage Corporation (hereinafter "CENLAR"), seeking relief from the automatic stay imposed by 11 U.S.C. §362(a) as it relates to the enforcement of the lien against property located at 7775 Roberson Street, Irvington, Alabama 36544, and further described in Exhibit "A" of the Motion for Relief filed with the Court on September 1, 2005. Notice of the hearing was given. Based upon the pleadings and affidavit and consent of all parties, it is hereby

**ORDERED, ADJUDGED AND DECREED** the motion is denied conditionally.

**IT IS FURTHER ORDERED,** Debtor and Co-Debtor shall pay CENLAR all post-petition payments (consisting of the March 2005 through September 2005 payment at $379.98 each), and all late charges and other charges in the amount of $106.40 that are due as of this date, plus attorney's fees of $600.00 and costs of $150.00, which totals $3,516.26.

**IT IS FURTHER ORDERED,** Debtor's post-petition arrearage of $3,516.26 shall be placed in Debtor's Chapter 13 plan, and CENLAR's claim shall be paid one hundred percent (100%). CENLAR may file a claim for the arrearage amount.

**IT IS FURTHER ORDERED,** should CENLAR fail to receive any regular monthly payments from Debtor and Co-Debtor (beginning October, 2005) within the calendar month such payment comes due, and after a fifteen (15) day written notice of default to debtor and debtor's attorney, the stay shall lift automatically without further order of this Court, and CENLAR may proceed with foreclosure.

Dated: September 29, 2005

*/s/ William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE